968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Virgilio GUERRA, Defendant-Appellant.
 Nos. 91-3387, 92-3001.
 United States Court of Appeals, Tenth Circuit.
 July 20, 1992.
 
 Before LOGAN, TACHA and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 This appeal is from an order of the district court denying appellant's motion for acquittal after a jury verdict convicting him of possession and distribution of cocaine. On appeal, appellant Virgilio Guerra contends that the jury verdict was not supported by sufficient evidence. We affirm.
 
 
 2
 After a careful review of the record, it is clear that there is ample evidence to support the conviction. We find nothing inconsistent in the finding of the jury that defendant was guilty on Counts III and IV, but not on Count II. Viewing the evidence in the light most favorable to the government, it is entirely possible that the evidence was simply insufficient for the jury to convict defendant on the August 22, 1990 transaction, but was clearly sufficient for them to convict on the August 23, 1990 transaction.
 
 
 3
 At trial, the government introduced evidence from which the jury could reasonably infer that Guerra knowingly possessed and distributed Cocaine on August 23. Further, the facts establishing the nexus between the defendant and the cocaine found in the cellar was sufficient to allow the jury to convict defendant on Counts III and IV. We AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3